UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORELL JOHNSON (R14631),<br>    Plaintiff<br><br>    v.<br><br>WEXFORD HEALTH SERVICES,<br>INC., *et al.*,<br>    Defendants | No. 23 CV 1595<br><br>Judge Jeremy C. Daniel |

## ORDER

The plaintiff's motion for leave to amend his complaint (R. 44) is granted; his motion to appoint counsel is denied without prejudice for the reasons stated in (R. 5). The defendants' motion to transfer venue and to stay proceedings (R. 34, R. 56) is denied without prejudice. Defendant Eyrich's motion to dismiss (R. 39) is denied as moot in light of the amended complaint. The plaintiff must complete and return a USM-285 form for service on each newly added defendant. Failure to return the USM-285 form on or before May 16, 2024, may result in dismissal of the unserved defendant. Plaintiff also must promptly submit a change of address notification if he is transferred to another facility or released. If the plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute. The Court appoints the U.S. Marshals Service to serve the newly added defendants. The U.S. Marshal is authorized to send a request for waiver of service to the newly added Defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service. The deadline to answer or otherwise plead for the Menard defendants is May 23, 2024. The deadline to answer or otherwise plead for the Stateville defendants will be determined by the date of service.

## STATEMENT

Motion for leave to amend. In his original complaint, the plaintiff alleged that individuals at Menard Correctional Center and at Stateville Correctional Center denied him proper medical care. In reviewing the original complaint, this Court determined that the plaintiff's allegations against the Stateville defendants were too vague to proceed and dismissed the plaintiff's claims against those defendants. (R. 7 at 3.) In his amended complaint, the plaintiff alleges that: he arrived at Stateville in February 2019 (R. 45 ¶ 46); when he arrived at Stateville, his medical records indicated that his constant headaches, dizziness, and blurred vision resulted from his

need for a cornea implant (*Id.* ¶ 49); defendant Fahy referred the plaintiff to a contact lens clinic despite a recommendation for a cornea implant (*Id.* ¶ 52); on March 11, 2019, an off-site specialist confirmed the plaintiff's need for a corneal implant (*Id.* ¶ 53); defendant Heinze reviewed the plaintiff's medical record but did not examine the plaintiff in person (*Id.* ¶ 54); the defendants delayed the recommended treatment due to a policy of seeking lower-cost treatments (*Id.* ¶¶ 56-57, 62); defendants Bautista, Heinze, Fahy, and an unnamed individual, alone or together, ignored six requests for treatment from the plaintiff between April and June 2019 (*Id.* ¶ 58); defendants Wexford, Heinze, Bautista, Fahy, and Garcia "turned a blind eye" to the plaintiff's need for a corneal transplant (*Id.* ¶ 62); the plaintiff received a corneal transplant in May 2022, which alleviated his symptoms (*Id.* ¶ 63); and the defendants failed to provide the provide the plaintiff with prescribed post-surgery treatment (*Id.* ¶ 65). These allegations are sufficient to state a claim against the Stateville defendants. Accordingly, the plaintiff may proceed with these claims.

Motion to change venue. Several Menard defendants have moved to transfer venue under 28 U.S.C. § 1404 and to stay responsive pleadings (R. 34, R. 56). At the time the defendants filed this motion, all of the conduct underlying the plaintiff's claims occurred in the Southern District of Illinois; and many defendants resided in or near that district. But that is no longer the case with the addition of the Stateville defendants. Now, a substantial part of the events or omissions giving rise to some of the plaintiff's claims occurred in the Northern District of Illinois, which makes venue proper here. *See* 28 U.S.C. § 1391. But it is unclear what effect the addition of the Stateville defendants has on the factors set forth in the motion to transfer. Accordingly, the motion to transfer venue is denied without prejudice. As for the motion to stay responsive pleadings, that motion is denied in light of the schedule set by the Court.

Motion to dismiss. Defendant Eyrich's motion to dismiss (R. 44) is denied as moot in light of the amended complaint.

Date: 4/11/2024

JEREMY C. DANIEL
United States District Judge